**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

WILLIE LEE BROOKS                                                                                    PLAINTIFF

V.                                                                         CIVIL ACTION NO.: 3:05-cv-191HTW-LRA

EDWARD NEAL MARTIN; AMERICAN NATIONAL
BAIL BONDING AGENCY, INC.; INTERNATIONAL
FIDELITY INSURANCE COMPANY; RONNIE PENINGTON,
as SHERIFF of RANKIN COUNTY, MISSISSIPPI; RANKIN
COUNTY, MISSISSIPPI; JOHN AND JANE DOES 1-20;
GEORGE SANDIFER; and WESTERN SURETY COMPANY         DEFENDANTS

**ORDER**

Before this court is the motion for summary judgment by defendants Ronnie Pennington, in his official capacity as Sheriff of Rankin County, Mississippi; Rankin County, Mississippi; and Western Surety Company (collectively "Rankin County defendants") [docket # 202].

Also before this court are the motions for summary judgment by International Fidelity Insurance Company [docket # 194]; Edward Martin [docket # 201]; George Sandifer [docket # 197]; and American National Bail Bonding Agency Inc. (collectively "Bond defendants") [docket # 198].

1.   The Rankin County defendants filed their motion for summary judgment on or about June 5, 2006. [docket # 202].

2.   The Bond defendants also filed their motions for summary judgment on May

31, 2006 & June 5, 2006 [docket ## 194, 197,198, & 201] respectively.

3. On March 16, 2007, the court granted defendants Sandifer and American National's motions to join in Martin's brief, memorandum, and exhibits in support of his motion for summary judgment [docket # 241]. Martin specifically mentions in his brief that Brooks's claim is barred by collateral estoppel.

4. One on the principal arguments proffered in support of the defendants' motions is that plaintiff's claims are barred by the principles of res judicata and collateral estoppel. This argument was founded upon the Rankin County Circuit Court's grant of summary judgment to the Rankin County defendants in a parallel case.

5. The plaintiff promptly responded to the motion of the defendants, arguing that the principles of res judicata and collateral estoppel should not apply to the instant case.

6. The Rankin County Circuit Court's grant of summary judgment was appealed to the appropriate appellate body in the Mississippi courts.

7. On May 29, 2007, the Mississippi Court of Appeals reversed the trial court's grant of summary judgment to the Rankin County defendants, and remanded the case back to the trial court for further proceedings.

8. Inasmuch as the underlying state court's decision has been reversed, this court hereby denies the defendants' motions for summary judgment.

9. Further, this court rules that the present trial date, scheduled to begin on November 3, 2008, shall be held in abeyance until such time as the Petition for Writ of Certiorari has been disposed of and the Mississippi Supreme Court has

rendered its opinion on the matter.

10. If applicable, the defendants may re-urge their motions for summary judgment at a later date.

**SO ORDERED AND ADJUDGED**, this the 30th day of March, 2008.

                s/ HENRY T. WINGATE

                **CHIEF UNITED STATES DISTRICT JUDGE**